916 P.2d 1136

**William R. HAMILTON,**
**Plaintiff–Appellant,**

v.

**CITY OF MESA, a Municipal corporation; C.K. Luster, Manager of the City of Mesa; Guy Meeks, Chief of Police; Roy B. Skaggs, II, Outside counsel for Mesa Police Department, Defendants–Appellees.**

**No. 1 CA–CV 94–0468.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 5, 1995.

Redesignated as Opinion
and Publication Ordered
Jan. 12, 1996.

Review Denied May 21, 1996.

---

Yen & Pilch, P.L.C. by Caroline Pilch, Phoenix, Hobson & Ringler by William R. Hobson, Tempe, for Plaintiff–Appellant.

Steptoe & Johnson by David A. Selden, Lisa M. Bickel, Phoenix, for Defendants–Appellees.

## OPINION

CONTRERAS, Judge.

This is an appeal from the trial court's order granting Appellees' ("City of Mesa") motion to dismiss William R. Hamilton's ("Appellant") complaint in which he alleged that the City of Mesa's merit system was invalid and that he was wrongfully terminated from employment.

Appellant raises three issues for our review:

1. Whether the City of Mesa has a facially valid law enforcement merit system;

2. Whether the City of Mesa's merit system as applied to Appellant violated his due process rights; and

3. Whether the City Manager acted arbitrarily and capriciously in terminating Appellant's employment.

We conclude that the City of Mesa has a valid merit system and that its application to Appellant did not violate his due process rights. In addition, we conclude that the City Manager did not act arbitrarily, capriciously, or in an abuse of discretion in terminating Appellant's employment with the City of Mesa. We therefore affirm the order of the trial court granting the City of Mesa's motion to dismiss.

### FACTUAL AND PROCEDURAL HISTORY

Appellant is a former employee of the City of Mesa police department. The City of Mesa terminated his employment of seventeen years with the police department for conduct unbecoming a member of the police department and for untruthfulness. The complaints against Appellant arose out of a criminal investigation of Mesa Police Officer Richard Elliget and his wife Laurie Elliget. During the course of that criminal investigation, a series of note cards maintained by Richard Elliget were discovered describing the sexual conduct of Laurie Elliget with Appellant and others. This discovery precipitated an extensive internal investigation into Appellant's conduct with Mrs. Elliget by the Mesa Police Department. As a result of the internal affairs investigation, the investigator recommended that the charges against Appellant be sustained. Appellant's superior officers agreed and recommended to the Chief of Police, Guy Meeks, that his employment be terminated.[1]

---

1. The City of Mesa also referred this investigation to the Maricopa County Attorney's Office for an independent review. The County Attorney's office also found that the charges against Appellant should be sustained.

Chief Meeks informed Appellant of the recommendation to terminate his employment and informed him of his right to a pre-termination hearing. Chief Meeks set a hearing date for the pre-termination hearing. Appellant, represented by counsel, attended and participated in the pre-termination hearing. Following the hearing, Chief Meeks notified Appellant that the recommendation to dismiss him was sustained and that Appellant was entitled to appeal his termination.

In accordance with the City of Mesa's personnel rules, section 930 [2], Appellant appealed his dismissal to the City Manager who referred the appeal to the Personnel Appeals Board ("the Board") for consideration and an *advisory* opinion. Prior to the post-termination hearing, Appellant filed a special action complaint in superior court seeking a temporary restraining order to preclude the City from going forward with post-termination proceedings. In his special action, Appellant asked the trial court to determine whether the post-termination procedures of the City of Mesa qualified as a merit system pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 38–1001 et seq. (1985), which sets forth standards for law enforcement merit council for public entities. Maricopa County Superior Court Judge Schwartz determined that the City of Mesa's post-termination procedures qualified as a merit system and dismissed Appellant's complaint by minute entry.

The Board conducted a post-termination hearing which took place over the course of three days. Both the City of Mesa and Appellant had the opportunity to and did present witnesses and evidence at the hearing.

Following the hearing, the Board issued a unanimous advisory opinion stating that Appellant's termination should not be sustained. The Board found the evidence insufficient to substantiate the charge of "untruthfulness." After receiving the advisory opinion, the City Manager sent the matter back to the Board to consider the issue of "conduct unbecoming a member." The Board issued a second advisory opinion (3–1), again advising the City Manager to reinstate Appellant.

The City Manager issued his three page written decision after reviewing all the written evidence presented to the Board and listening to the audio taped testimony. The City Manager stated that he could not concur with the Board's two advisory opinions. After listing all of the evidence that the City Manager found to be compelling, he upheld Appellant's termination.

Appellant filed the present special action complaint in superior court appealing his dismissal.[3] In his complaint, Appellant alleged four counts: Count I due process (the evidence did not support the City Manager's decision to terminate); Count II facially invalid merit system; Count III merit system invalid as applied; Count IV open meeting law violation. The City of Mesa filed a mo-

---

**2.** Mesa, Ariz., Personnel Rules, Ch. 9, § 930 (July 1, 1992) provides in part:

D. *Appeal:* Any regular classified employee may appeal their dismissal in writing within ten (10) days to the City Manager. Within fifteen (15) days of the receipt of the appeal, the City Manager will either render a written decision to the employee or refer the appeal to the Personnel Appeals Board. If the employee is not satisfied with the decision of the City Manager, the employee may request a Personnel Appeals Board hearing. Such a request must be forwarded to the City Manager in writing within three (3) days of the receipt by the employee of the City Manager's decision. The Personnel Appeals Board will take action on the appeal within thirty (30) days of the receipt by the City Manager. The Personnel Appeals Board will render a written advisory opinion to the City Manager within five (5) days of the hearing.

**3.** The City of Mesa contends that the issues of whether it has a facially valid merit system and whether its application to Appellant violated his due process rights are *res judicata* because these issues were raised in Appellant's first special action complaint seeking a temporary restraining order. In order for the doctrine of *res judicata* to apply there must have been a final judgment. *Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986). Arizona Rules of Civil Procedure 58(a) (Supp.1995) requires that in order for a judgment to be final it must be written, signed by a judge, and filed with the clerk of the court. *Id.,* 149 Ariz. at 129, 717 P.2d at 433. Appellant's first special action complaint was dismissed by an unsigned minute entry which does not constitute a final appealable order. Therefore, the doctrine of *res judicata* does not apply.

tion to dismiss Counts I, II, and III. The City argued in its motion to dismiss that the decision to terminate Appellant's employment was not arbitrary or capricious and that Counts II and III restated claims raised and decided in Appellant's first special action.

Judge Jarrett decided the case on its merits and granted the City's motion to dismiss. She concluded that the City Manager did not abuse his discretion in rejecting the Board's advisory opinion. She also adopted the findings and conclusions of Judge Schwartz, and held as a matter of law that the City's Personnel System was facially valid or valid as applied. The case was then transferred to Judge Hendrix who, on stipulation, dismissed Count IV of the complaint without prejudice and entered final judgment on all counts, from which Appellant brings this appeal.

## DISCUSSION

### I. Is the City of Mesa's Merit System Facially Valid?

We first address the question of whether the City of Mesa's merit system satisfies constitutional and statutory requirements. Our review extends to the merits of the claim since Appellant's action was dismissed on the merits, and because the trial court's finding was one of law, our review is *de novo*. *Ayala v. Hill*, 136 Ariz. 88, 90, 664 P.2d 238, 240 (App.1983).

A.R.S. section 38–1001 et seq. sets forth the standards for law enforcement merit councils for those public entities that are required or choose to adopt the provisions of that Article. Public entities that qualify for exemption are not subject to the provisions of the Article. These exemptions are set forth at A.R.S. section 38–1007 (1985), which provides in part:

> The provisions of this article *shall not apply* to:
>
>  &ast; &ast; &ast; &ast; &ast; &ast;
>
> 3. A city *or* town in which there is maintained a merit system or civil service plan for its employees.

(Emphasis added).

■ Based on the plain language of the statute, the City of Mesa is exempt from the provisions of the Article because it maintains its own merit system or civil service plan. However, Appellant argues that a City's merit system must meet the procedural due process requirements of A.R.S. section 38–1001 et seq. In particular, Appellant argues that A.R.S. section 38–1003 (1985) which requires "a plan for fair and impartial selection, appointment, retention and separation or removal from service by resignation or dismissal" must apply to the City of Mesa and that the City Manager cannot be fair minded since he approved the termination in the first place. We agree that Appellant is entitled to a fair and impartial merit system, but we do not agree that the City of Mesa's merit system must mirror the requirement of A.R.S. section 38–1001 et seq.

The intent of the legislature was

> to establish for law enforcement officers and law enforcement agencies in counties, cities and towns of the state of Arizona, a mutually beneficial system of personnel administration based on merit principles governing the appointment, promotion, lay off and removal of law enforcement officers within the counties, cities and towns of the state.

Laws 1969, Ch. 102, § 1. A merit system has long since been defined to include the following:

> the appointment of all employees who come under the system should be made on the basis, and as the result, of open and competitive examinations arranged to determine which of the applicants for the position is best fitted to perform its duties, regardless of political affiliations or past record, and that once an appointment is made, removal from the position should be based only on unfitness for the work for one reason or another, and not upon personal considerations. It necessarily follows that any system which conforms to these principles, no matter what its details may be, is a non-partisan merit system, and one which does not so conform, is not a system coming within the definition.

*Taylor v. McSwain*, 54 Ariz. 295, 308–09, 95 P.2d 415, 421 (1939). In addition a fair and impartial system for removal from office necessarily includes "(a) specific reasons for re-

moval, and (b) a reasonable hearing before some designated and proper authority as to whether the party whose removal was sought fell within the reasons for removal set forth in the regulations established by the board." *Welch v. The State Bd. of Social Security and Welfare*, 53 Ariz. 167, 173–74, 87 P.2d 109, 112 (1939).

■ We start by noting that municipal corporations have no inherent police power, and that their powers are delegated to them by the constitution or laws of the state. *State v. Jacobson*, 121 Ariz. 65, 68, 588 P.2d 358, 361 (App.1978), *overruled on other grounds Levitz v. State*, 126 Ariz. 203, 613 P.2d 1259 (1980). A city may adopt a city charter as its organic law. *Id.* As a charter city, the city may exercise "all the powers authorized by its charter, provided those powers are not inconsistent with the Arizona Constitution or the general laws of the state." *Id.* (citations omitted).

■ The City of Mesa charter establishes a personnel system that provides for the appointment and removal of employees based upon merit, and requires the City Manager to appoint and remove employees "pursuant to the merit system regulations." Mesa, Ariz., City Charter, art. III, § 303, art. IV, § 403 (Sept. 4, 1992). The charter further establishes a merit system board and a separate personnel board that holds post-termination hearings and renders advisory opinions to the City Manager. The City's charter is supplemented and implemented by its personnel rules. These rules set out the process for examinations, limit the types of discipline which may be imposed, and authorize dismissal by the City Manager or a department head only if an employee violates standards of conduct. Mesa, Ariz., Personnel Rules, Ch. 2, § 240, Ch. 8, § 810–30 (July 1, 1992).

The pre- and post-termination procedures are further enhanced by the police department's general orders which ensure that the complaints against a police officer are investigated fully and fairly before any discipline is imposed. If an internal investigation results in recommendation of dismissal and the chief of police agrees, a pre-termination hearing is scheduled. If the chief concludes that the complaint should be sustained, the decision is sent to the city manager for approval. The employee is then notified in writing of the decision and may appeal the decision to the personnel board. The personnel board gives the employee an opportunity to confront and cross-examine adverse witnesses as well as the opportunity to present evidence and be represented by counsel. The personnel board makes a written recommendation to the city manager who then reviews the recommendation and makes a final decision. These procedures certainly meet the requirements of a fair and impartial merit system set out in *Taylor* and *Welch*.

Finally, our supreme court has addressed a similar issue in *Kendall v. Malcolm*, 98 Ariz. 329, 404 P.2d 414 (1965). That case involved the issue of whether a personnel board had the power to revoke a dismissal ordered by the city manager. The City of Scottsdale's charter provided that the city manager had the power to "[a]ppoint and when necessary for the good of the service remove all officers and employees of the city except as otherwise provided by this Charter...." *Id.*, 98 Ariz. at 331, 404 P.2d at 416. The city ordinance provided that the personnel board hear appeals submitted by any person relative to any disciplinary action and that the board certify its finding and recommendations. *Id.* The ordinance further provided that the finding and decision of the board be final and certified to the official from whose order the appeal was taken and enforced by that official. *Id.* Thus, there was a conflict between the city charter giving the power to hire and fire to the city manager and the city ordinance which made the decision of the board final. The court concluded that the board had no recognized common law powers and therefore it could not be assumed "from the authority alone to create such a board that it could in any of its functions supersede any of the powers granted specifically in the charter." *Id.*, 98 Ariz. at 334, 404 P.2d at 418. The court also concluded that the board could do no more than make recommendations for the appointment and removal of employees. *Id.* Here, the City of Mesa charter provides that the city manager also has the power to appoint

**426**

and remove employees. It provides that the city manager "pursuant to the merit system regulations appoint, and when necessary remove, all employees of the City, except as he may authorize heads of departments and offices to appoint and remove their own subordinates." Mesa, Ariz., City Charter, art. III, § 303(C). Mesa's city ordinance, section 930, then provides that appeals from dismissal may be taken to an appeals board that renders a written advisory opinion to the city manager. This is identical to the City of Scottsdale's merit system, which our supreme court found to be valid.

We conclude that the City of Mesa's merit system meets constitutional and statutory requirements. The merit system provides specific reasons for removal, and allows for a reasonable hearing before some designated and proper authority as to whether the party whose removal was sought fell within the reasons for removal set forth in the regulations established by the merit system council.

## II. Does Mesa's Merit System as Applied to Appellant Violate his Due Process Rights?

■ Appellant contends that even if Mesa's merit system complies with Arizona law, it is invalid as applied to Appellant because the City Manager cannot act as a fair and impartial tribunal. In particular, Appellant argues that the City Manager did not fully and fairly apprise himself of the record; that he did not review the demeanor of the witnesses presenting evidence; that he had predecided the case in a manner which was prejudicial to Appellant's continued employment; and that he had the Mesa Police Department's attorney advise him. Despite Appellant's allegations that the City Manager could not be fair and impartial in making the final decision to terminate Appellant, we conclude that Appellant did receive a hearing before a fair and impartial tribunal and his due process rights were not violated.

As stated above, we conclude that the City of Mesa's merit system meets constitutional and statutory requirements. Removal from employment can occur only upon a showing of unfitness for the work, and not upon personal considerations. *See Taylor,*

54 Ariz. at 308–09, 95 P.2d at 421 (any system which requires removal from a position based only on unfitness for the work is a non-partisan merit system). An employee of the City of Mesa can only be disciplined or dismissed according to the standards of conduct in section 510 of the city personnel rules. Mesa, Ariz., Personnel Rule, Ch. 5, § 510 (July 1, 1992). Section 510(B)(7) specifically provides that an employee may be dismissed for "[c]onduct of a type which will bring discredit or embarrassment to the City." The City Manager reviewed the evidence presented at the post-termination hearing, listened to the audio taped testimony of the witnesses, and determined that Appellant's conduct was unbecoming to a member of the police department. Appellant was terminated from employment based on specific reasons articulated by the City Manager in his three page letter of December 1, 1992, directed to Appellant. This meets the requirement of a fair and impartial tribunal.

We agree with the City of Mesa that the Board's role is similar to that in *Evans v. State ex rel. Arizona Corp. Comm'n,* 131 Ariz. 569, 643 P.2d 14 (App.1982), *cert. denied* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 46 (1982). In *Evans,* the personnel board enlisted a hearing officer to hold post-termination hearings and then recommend a decision to the board. *Id.,* 131 Ariz. at 571, 643 P.2d at 16. The hearing officer was authorized to take any action other than making the final decision. *Id.* The board rejected the decision of the hearing officer and sustained the termination decision. This Court found "nothing constitutionally infirm" in allowing the hearing officer to function in an advisory capacity and upheld the board's decision to terminate the employee. *Id.,* 131 Ariz. at 572, 643 P.2d at 17. Similarly, the City of Mesa's Personnel Board acts in an advisory capacity to the City Manager and assists the City Manager by holding post-termination hearings. By assigning some of his duties to the Board, the City Manager "is freed of the time consuming evidence gathering tasks which can be performed adequately by [the Board]. This process has been found to comport with due process standards espe-

cially where the [City Manager's] decision is based upon the official record before the [Board]." *Id.*[4]

■ Appellant also contends that his due process rights were violated because the City Manager sought advice from Roy Skaggs, an attorney working for the Mesa Police Department, implying that this communication constituted an *ex parte* communication with an advocate in the case and created impartiality. We find no merit in Appellant's argument.

A conflict would arise if Skaggs participated as advocate on behalf of the City of Mesa against Appellant and simultaneously served as advisor to the City Manager. *Taylor v. Arizona Law Enforcement Merit System*, 152 Ariz. 200, 206, 731 P.2d 95, 101 (App. 1986). However, Skaggs did not participate as an advocate at any time. Further, although one of the fundamental procedural requirements of an administrative hearing is an impartial decision maker, "simply joining investigative/prosecutorial and adjudicative functions" does not result in a partial decision maker. *Rouse v. Scottsdale Unified Sch. Dist.*, 156 Ariz. 369, 371, 752 P.2d 22, 24 (App.1987); *Arizona Dept. of Pub. Safety v. Dowd*, 117 Ariz. 423, 427, 573 P.2d 497, 501 (App.1977) (citations omitted). Without a showing of actual bias or partiality, Appellant's due process rights are not violated. *Rouse*, 156 Ariz. at 374, 752 P.2d at 27. The City Manager listed his findings of fact and

conclusions of law on the record. Appellant has failed to come forward with any evidence indicating actual bias or partiality. Thus, we conclude Appellant's due process rights were not violated.

## III. Did the City Manager act Arbitrarily, Capriciously, or in an Abuse of Discretion by Upholding the Decision to Terminate Appellant?

■ With regard to the standard of review, Appellant and the City of Mesa argue whether this is an appeal from a motion to dismiss or motion for summary judgment. This argument confuses the standards of review in appeals from motions to dismiss and summary judgment as contrasted to appeals from administrative decisions. *See Havasu Heights v. Desert Valley Wood*, 167 Ariz. 383, 386, 807 P.2d 1119, 1122 (App.1990). "There was no trial *de novo* in the superior court, and the superior court judge did not act as the trier of fact. The court based its decision on a review of the record in the administrative proceeding and on the parties' legal arguments." *Id.*, 167 Ariz. at 386–87, 807 P.2d at 1122–23.[5] Where this Court reviews trial court decisions regarding appeals from administrative agency decisions, our sole inquiry is whether the record contains evidence of a substantial nature to support the trial court's judgment. *Maricopa County v. Gottsponer*, 150 Ariz. 367, 370, 723 P.2d 716, 719 (App.1986) (citation omitted); *see Havasu*

---

4. Appellant relies on *Ohlmaier v. Industrial Comm'n*, 161 Ariz. 113, 776 P.2d 791 (1989) to support his position that his due process rights were violated by the City Manager not hearing all the evidence in person. We find *Ohlmaier* distinguishable. *Ohlmaier* involved an industrial commission decision by a judicial officer who renders a final judgment, where a commission or hearing officer normally does not. *Id.*, 161 Ariz. at 117, 776 P.2d at 795. In addition, although this Court noted in *Ohlmaier* that "a party has a right to a decision upon the facts of his case from a judge who hears the evidence," it is not necessary that the testimony be heard live. *Id.*, 161 Ariz. at 118, 776 P.2d at 796.

5. Because this case comes before us in the posture of a special action complaint seeking review of an administrative decision, it is unlike a motion to dismiss or motion for summary judgment

under the Arizona Rules of Civil Procedure. Ariz.R.Civ.P. 12(b) (Supp.1995) and 56 (Supp. 1995). We recognize that where the trial court considers matters outside the pleadings presented and not excluded, it must treat the motion as one for summary judgment and give the parties a reasonable opportunity to present material pertinent to a motion for summary judgment, *Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (1966). However, that rule is applicable to cases involving civil complaints where there is a trial *de novo* and the trial court or jury acts as the trier of fact. *See, e.g., Havasu Heights*, 167 Ariz. at 386, 807 P.2d at 1122. This case involves a special action complaint where the trial court based its decision on review of the record in the administrative proceeding, and the trial court did not weigh the evidence. Thus, we conclude that the Arizona Rules of Civil Procedure are inapplicable.

*Heights*[6], 167 Ariz. at 387, 807 P.2d at 1123 ("In reviewing factual determinations, our respective roles begin and end with determining whether there was substantial evidence to support the administrative decision.") (citations omitted).

◼ In determining whether the trial court abused its discretion, we examine the record to see whether the administrative action was arbitrary, capricious or an abuse of discretion. *Id.; Justice v. City of Casa Grande*, 116 Ariz. 66, 67, 567 P.2d 1195, 1196 (App.1977).

> [W]e review the record to determine whether there has been 'unreasoning action, without consideration and in disregard for facts and circumstances; where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.'

*Petras v. Arizona State Liquor Bd.*, 129 Ariz. 449, 452, 631 P.2d 1107, 1110 (App.1981) (quoting *Tucson Pub. Sch., Dist. No. 1 of Pima County v. Green*, 17 Ariz.App. 91, 94, 495 P.2d 861, 864 (1972)).

◼ Appellant argues that the City Manager acted arbitrarily and capriciously in upholding Appellant's dismissal. Specifically, Appellant argues that the City Manager's decision was contrary to the decision of the Personnel Board which heard the evidence and had an opportunity to judge the credibility of the witnesses. Appellant further alleges that off-duty conduct cannot be a reason for dismissal, and that Appellant's dismissal was not proportionate to the charge. We disagree and find that the City Manager did not act arbitrarily or capriciously in upholding Appellant's dismissal.

Despite Appellant's claims that the City Manager did not participate in the post-termination hearing, he did have an opportunity to review the written evidence and listen to the audio taped testimony of the hearing.

The City Manager hesitated in rejecting the recommendation of the Personnel Appeals Board but specifically articulated his reasons for not agreeing with the Board.[7]

After reviewing the City Manager's reasons for terminating Appellant's employment, we cannot say there was unreasoning action, without consideration and in disregard for facts and circumstances. The City Manager carefully explained his reasons and gave support from the record for his decision. The City Manager did not act arbitrarily or capriciously in reaching his decision.

◼ Appellant further maintains that because the conduct complained of occurred off-duty, dismissal was inappropriate. The test for determining whether the punishment imposed was inappropriate is whether the punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's conscience. *Gottsponer*, 150 Ariz. at 372, 723 P.2d at 721; *Taylor*, 152 Ariz. at 207, 731 P.2d at 102. First, we conclude that off-duty conduct can be a reason for dismissal, and second that dismissal was not disproportionate to the charges.

◼ The City of Mesa's Personnel rules provide that an employee may be dismissed for conduct that will bring discredit or embarrassment to the City. The complaints against Appellant came about because of an internal affairs investigation revealing Appellant's name in a graphic, detailed diary describing off-duty sexual conduct. The sexual conduct involving Appellant described acts with Laurie Elliget. Appellant was the supervisor and superior officer of Richard Elliget, the husband of Laurie Elliget. Appellant's sexual conduct with his subordinate's wife clearly had the effect of bringing discredit or embarrassment to the City. *See Civil Service Comm'n v. Livingston*, 22 Ariz. App. 183, 187, 525 P.2d 949 (1974), *cert. denied*, 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975) (off-duty sexual conduct

---

**6.** We recognize that *Havasu Heights* involves review under the Administrative Review Act. However, the language contained in the Administrative Review Act and regulations regarding review of departmental action closely parallel each other. *See, e.g., Pima County Sheriff's Dept. v.*

*Smith*, 158 Ariz. 46, 49, 760 P.2d 1095, 1098 (App.1988).

**7.** The text setting forth the City Manager's reasons is appended to this decision.

of a police officer was sufficient grounds to terminate the officer); *Barlow v. Blackburn,* 165 Ariz. 351, 357, 798 P.2d 1360, 1366 (App. 1990) (the conduct of an officer, on or off-duty, reflects upon the Department, and an officer must conduct himself in a manner which does not bring discredit to himself, the Department, or the City).

■ In addition, we will not disturb the penalty imposed by the City Manager absent a clear abuse of discretion. *Taylor,* 152 Ariz. at 207, 731 P.2d at 101. Prior to the investigation of the Elliget matter, Appellant had told one of the lieutenants that he had had sexual interactions with Laurie Elliget, but later denied this allegation. We find nothing shocking to one's sense of fairness in terminating Appellant's employment for untruthfulness and conduct unbecoming a member of the police department when that conduct involves sexual conduct with a subordinate's wife. *See Livingston,* 22 Ariz.App. at 187, 525 P.2d at 949. We cannot say that the City Manager abused his discretion in upholding the termination. We conclude that the City Manager's decision to terminate Appellant was not arbitrary or capricious and was proportionate to the charges against Appellant.

### CONCLUSION

For the reasons stated above, we hold that the City of Mesa has a valid merit system and that its application to Appellant did not violate his due process rights. We further conclude that the City Manager did not act arbitrarily, capriciously, or in an abuse of discretion in terminating Appellant's employment with the City of Mesa. We therefore affirm the order of the trial court dismissing Appellant's special action complaint.

NOYES, P.J., and GERBER, J., concur.

### APPENDIX

The City Manager gave the following reasons for sustaining Appellant's termination with the Mesa Police Department:

1. Experienced police internal affairs investigators interviewed all the witnesses in depth and reached the conclusion that you were untruthful and had engaged in conduct unbecoming a member and recommended both charges be sustained.

The entire investigation was sent to the Maricopa County Attorney's Office for review by Deputy County Attorney Paul Ahler and County Attorney Rick Romley. The Maricopa County Attorney's Office agreed with the findings and recommendations of Mesa Police Internal Affairs.

The entire investigative file, together with your rebuttal, was given to Assistant Chief Mike Whalen for review and recommendation. He found both charges to be sustained and recommended termination.

The entire file, together with your rebuttal, and all findings and recommendations were forwarded to Chief Meeks. Chief Meeks held a hearing for the purpose of allowing you and your attorneys to present any matters they so desired and to address all issues in this case. They did so. After deliberation, Chief Meeks reached the conclusion that you had been untruthful and had conducted yourself in a manner unbecoming a member and found both charges sustained.

To find a charge sustained, according to Mesa P.D. Rules, it must be found that the charges are proved by a preponderance of the evidence. The investigators, the Maricopa County Attorney's Office, Assistant Chief Whalen, and Chief Meeks all found sufficient evidence, a preponderance of the evidence, to prove you were untruthful and conducted yourself in a manner unbecoming a member.

2. The information given by Laurie Elliget concerning Mesa Police officers during this investigation has been shown to be extremely accurate. All officers except you have conceded that her information was correct. I find this fact highly corroborative of her information concerning you. I find no credible motive for her to be truthful regarding all officers except you.

3. The statements of Lt. Zielonka are also highly corroborative of Laurie Elliget's information. Laurie Elliget claims there were three incidences [sic] of sexual contact. You insist there was no sexual contact at any time. Yet, Lt. Zielonka states that approximately three years ago you told him that you had had sex with Laurie Elliget. This is very damaging testimony against you and there is no evidence that shows any possible reason why Lt. Zielonka would offer this information unless it were true.

4. Laurie Elliget's information is also corroborated by her husband, Richard Elliget. It is admitted he is a convicted felon in prison, however, this doesn't prove he is not being truthful. I find no credible reason to explain why he would not be telling the truth.

5. Laurie Elliget's information is also corroborated by the polygraph examinations. The polygraphs administered by the Mesa Police Department were monitored by Paul K. Minor, a nationally known expert. These tests indicated that Laurie Elliget was being truthful and that you were not. You were determined to be truthful on another polygraph examination give [sic] by Mr. Glen Whiteside, however, Mr. Minor was critical of this examination, and Mr. Whiteside did not testify in support of his examination at the Personnel Appeals Board Hearing. Dr. Saxe testified, in substance, that a polygraph examination is not capable of determining truth or falsity, and questioned the validity of the Mesa Police Department and Whiteside polygraphs. After giving Dr. Saxe's testimony considerations, I feel that overall some corroboration of Laurie Elliget's information is present.

6. There are important parts of Laurie Elliget's information that is also corroborated by B.J. Elliget, by Mary Laurie (Hamilton), by your lack of recall, and by several others.

Although the corroboration I am referring to here is certainly not conclu-

sive, it does add additional support for Laurie Elliget's testimony.

Accordingly, I am of the opinion that Laurie Elliget's information has been corroborated to the extent that sufficient evidence does exist to prove that she is being truthful and that you are not being truthful when you claim that you have never engaged in any sexual conduct with Laurie Elliget.

Although I have been hesitant not to adopt the recommendation of the Personnel Appeals Board, I find that I cannot agree with their conclusions and must, therefore, uphold your termination for Untruthfulness and for Conduct Unbecoming a Member.