109 P.3d 102

James **DAY, by and through ARIZONA DEPARTMENT OF VETERANS' SERVICES, as Guardian and Conservator, Plaintiff–Appellant,**

v.

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM ADMINISTRATION, an Agency of the State of Arizona; Phyllis Biedess, in her capacity as Director of AHCCCS, Defendants–Appellees.**

No. 1 CA–CV 04–0315.

Court of Appeals of Arizona, Division 1, Department B.

March 31, 2005.

As Amended May 12, 2005.

Reconsideration Denied May 13, 2005.

Jackson White, P.C. By Eric K. Macdonald, Mesa, Attorneys for Plaintiff–Appellant.

Johnston Law Offices, P.L.C. By Logan T. Johnston, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

LANKFORD, Judge.

¶1 Plaintiff James Day appeals a superior court judgment in favor of the Arizona Health Care Cost Containment System Administration ("AHCCCS"). The judgment affirmed an AHCCCS administrative order that guardian and conservator fees are not "medically necessary" and are not included in the calculation of an AHCCCS recipient's share of cost.

¶2 On appeal, Plaintiff challenges the judgment. He contends that guardianship and conservatorship fees are "medically necessary" deductions from a benefit recipient's share of cost. He also argues that he should receive an award of attorneys' fees because AHCCCS improperly denied the deduction. Because guardianship and conservatorship fees are not medical expenses, we affirm the judgment. Because AHCCCS prevails, Plaintiff is not entitled to an award of fees.

¶3 Plaintiff is an incapacitated[1] single man receiving AHCCCS benefits from the Arizona Long Term Care System

---

1. Arizona Revised Statutes ("A.R.S.") section 14–5101(1) (1995) states that " '[i]ncapacitated person' means any person who is impaired ... to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person."

("ALTCS").[2] The Arizona Department of Veterans' Services ("Veterans") is the court-appointed guardian of Plaintiff and conservator of his estate.[3] As Plaintiff's guardian and conservator, Veterans successfully petitioned the court, in a prior proceeding pursuant to A.R.S. § 14–5314 (1995), to award guardian fees. The court also awarded Veterans reasonable conservator fees pursuant to A.R.S. § 14–5414(B) (Supp.2004).[4] Moreover, Plaintiff is also allocated a mandatory Personal Needs Allowance each month.[5]

¶ 4 In September 2002, Plaintiff's ALTCS eligibility underwent annual review. An increase in Plaintiff's social security income required a recalculation of his share of cost. ALTCS informed Plaintiff by notice dated December 11, 2002 that the increased income would result in an increase of Plaintiff's monthly share of cost effective January 1, 2003. Plaintiff requested an administrative hearing. He contended that, in calculating his share of cost, Veterans' fees should be deducted as necessary medical expenses not covered by ALTCS.

¶ 5 After the hearing, the Administrative Law Judge recommended denial of Plaintiff's challenge. The AHCCCS Director accepted the judge's decision in its entirety. Plaintiff then filed a complaint for judicial review in the superior court. The superior court affirmed the Director's decision.

¶ 6 Plaintiff timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

■ ¶ 7 We review superior court decisions reviewing administrative decisions for abuse of discretion. *Hamilton v. City of Mesa*, 185 Ariz. 420, 427–28, 916 P.2d 1136, 1143–44 (App.1995). "In determining wheth-

er the trial court abused its discretion, we examine the record to see whether the administrative action was arbitrary, capricious, or an abuse of discretion." *Id.* at 428, 916 P.2d at 1144. We will uphold an agency's findings of fact if supported by "substantial evidence." *Sigmen v. Ariz. Dep't of Real Estate*, 169 Ariz. 383, 386, 819 P.2d 969, 972 (App.1991). However, we owe no deference to the agency's conclusions of law, and review those conclusions de novo. *Id.*

■ ¶ 8 We first address whether the fees represent expenses for medical services deductible from the share of cost. We hold that such fees are not for necessary medical services.

¶ 9 The category of expenses for "medically necessary ... medical or remedial care services" is used to calculate the benefit recipient's contribution to his care. Arizona Revised Statutes § 36–2932(L) (2003) authorizes the Director to "adopt rules in accordance with the state plan regarding post-eligibility treatment of income and resources which determine the portion of a member's income which shall be available for payment for services under this article." Arizona Revised Statute § 36–2932(L)(3) further provides that a portion of income may be retained for "[e]xpenses incurred for non-covered medical or remedial care that are not subject to payment by a third party payor."

¶ 10 Pursuant to the statutory authority, the Director promulgated Arizona Administrative Code ("A.A.C.") Rule 9–28–408(G)(6), which provides that

In the post-eligibility calculation of income, the Administration recognizes the following medical and remedial care services are not covered under the Title XIX State

---

2. The ALTCS is a division of the AHCCCS.

3. Arizona Revised Statute § 14–5312 (Supp. 2004) explains the role of a guardian. Arizona Revised Statute § 14–5417 (1995), sets forth the duties of a conservator. A guardian acts with respect to a person, whereas a conservator acts with respect to a person's property.

4. The guardianship fees have been set in an amount ranging from $40.00 to $45.00 per month. Conservatorship fees, on the other hand, are fixed at five percent of Plaintiff's income.

Veterans is permitted to collect a total of $109.76 per month as Plaintiff's guardian and conservator.

5. 42 U.S.C. § 1396a(q) (Supp.2004) provides that "the State plan must provide ... in the case of an institutionalized individual ... a monthly personal needs allowance" and "[t]he minimum monthly personal needs allowance described in this paragraph is $30 for an institutionalized individual."

Plaintiff's allowance is $82.80 per month.

Plan, nor covered by a program contractor to a person determined to need institutional services under this Article when the medical or remedial care services are *medically necessary* for a person:

a. Nonemergency dental services for a person who is age 21 or older;

b. Hearing aids and hearing aid batteries for a person who is age 21 or older;

c. Nonemergency eye care and prescriptive lenses for a person who is age 21 or older;

d. Chiropractic services, including treatment for subluxation of the spine, demonstrated by x-ray;

e. Orthognathic surgery for a person 21 years of age or older; and

f. On a case-by-case basis, other noncovered *medically necessary* services that a person petitions the Administration for and the Director approves.

A.A.C. R9–28–408(G)(6) (emphasis added). Rule 9–28–408(G)(6) does not specifically include guardian or conservator fees.[6]

¶ 11 "Medically necessary" is defined by A.A.C. R9–22–101, which states that " '[m]edically necessary' means a covered service *provided by a physician or other licensed practitioner of the healing arts* within the scope of practice under state law to prevent disease, disability, or other adverse health conditions or their progression, or prolong life." A.A.C. R9–22–101 (emphasis added).

The ALTCS' internal eligibility policy and procedural manual, section 1012.7.A, also defines non-covered medical services as "medically necessary medical or remedial services not covered under the Title XIX State Plan nor provided by the ALTCS Program Coordinator" and states that "[t]hese medical or remedial care services must be prescribed by a physician as medically necessary for the member."[7]

¶ 12 The definition of "necessary medical care" has not been met in this case.[8] Veterans may perform a necessary and very valuable service, but it does not perform a *medical* service recognized by Arizona law. Veterans is not a "physician or other licensed practitioner of the healing arts," nor are its services provided by them. Its services are not medical as defined by Arizona law. Its services are not among those listed in the applicable regulation.

¶ 13 Plaintiff nevertheless argues the fees are "medical in nature" because Arizona law allows a court to appoint a guardian or conservator pursuant to a physician's examination and report. But this is required only to *appoint* a guardian. See A.R.S. § 14–5303(C) (Supp.2004). A conservator may be appointed following a medical report, but the protected person need not be medically examined depending on the nature of his disability. See A.R.S. §§ 14–5401(2)(a), – 5407(B) (Supp.2004). The services provided

---

**6.** Arizona Administrative Code R9–28–408(G)(6) comports with 42 U.S.C. § 1396a(r)(1)(A)(ii) which states:

[T]here shall be taken into account amounts for incurred expenses for medical or remedial care that are not subject to payment by a third party, including—

. . . .

necessary medical or remedial care *recognized under State law* but not covered under the State plan under this subchapter, subject to reasonable limits the State may establish on the amount of these expenses.

42 U.S.C. § 1396a(r)(1)(A)(ii) (emphasis added).

**7.** The Arizona regulation and policy are consistent with the federal definitions of medical assistance, which include payment for "medical care, or any other type of remedial care *recognized under State law,* furnished by licensed practitioners within the scope of their practice as defined by State law" as well as "any other medical care, or any other type of remedial care *recognized under State law.*" 42 U.S.C. § 1396d(a)(6), (28) (2003) (emphasis added). 42 . U.S.C.

§ 1396d(a)(6) also states that medical care is that care "furnished by licensed practitioners within the scope of their practice as defined by State law." *Id.*

**8.** Plaintiff does not contend that its services constituted "remedial care." In *Rudow v. Commissioner of Division of Medical Assistance,* 429 Mass. 218, 707 N.E.2d 339 (1999), the court held that guardianship fees constituted "medical or remedial care." *Id.* at 345. However, the court's analysis appears to rest on state regulations defining the latter as "a *non-medical* support service made necessary by the medical condition of the individual." *Id.* at 345, n. 11 (emphasis added). Here, Plaintiff refers to both "medical and remedial care" in his brief, but fails to argue how or why the services at issue qualify as the latter. Moreover, Plaintiff has failed to cite an Arizona regulation analogous to the Massachusetts rule, and we have found no similar Arizona definition. On the contrary, the Arizona regulations require that remedial care be medical care. *See* ¶¶ 10, 11 *infra.* Aside from citing *Rudow,* a case resting on dissimilar

by the guardian or conservator following appointment, for which Veterans obtains its fee, are not medical.[9] And, while Veterans as guardian does make decisions concerning the health and well-being of Plaintiff, it does not provide "necessary medical care."

¶ 14 Plaintiff next asserts that the failure of ALTCS to include guardian and conservator fees in its current rules regarding "medically necessary" services is "contrary to the proper construction" of 42 U.S.C. § 1396a(r)(1)(A). The language of the federal statute is substantially similar to A.A.C. R9–28–408(G)(6). *See* ¶ 10 and n. 6, supra. The federal statute refers to "necessary medical or remedial care *recognized under State law* but not covered under the State plan under this subchapter," thereby limiting the category to that necessary medical care "recognized under State law." 42 U.S.C. § 1396a(r)(1)(A) (emphasis added). Arizona does not recognize guardian and conservator services as "necessary medical care."[10]

¶ 15 Plaintiff also asserts that ALTCS' refusal to allow payment of Plaintiff's guardian and conservator fees from his share of cost is a violation of his civil rights. Plaintiff reasons that because his only disposable income derives from his allowance, he must use this to pay any guardian and conservator fees. Federal law requires that an institutionalized individual be given an allowance. *See* 42 U.S.C. § 1396a(50) (a state plan for medical assistance must "provide ... for a monthly personal needs allowance for certain institutionalized individuals."). Thus, ALTCS is effectively "taking away" Plaintiff's federally guaranteed allowance.

¶ 16 Plaintiff's argument assumes, however, that ALTCS would require Plaintiff to pay those fees from his allowance. ALTCS has no control over Plaintiff's allowance. ALTCS also does not require that the fees be paid, and instead merely determined how they should be treated in calculating the recipient's share of cost. As conservator and the party actually entitled to payment of the fees,. Veterans, not ALTCS, would be paid from Plaintiff's allowance. Moreover, that assumes that Veterans seeks payment for its services as guardian and conservator. The record reveals that Veterans does not seek payment of guardian and conservator fees from those who cannot afford it, and in the case of Plaintiff, Veterans has not recommended that funds from his allowance be utilized to pay the fees. Assuming that Plaintiff's civil rights are implicated, no violation has occurred.

¶ 17 Plaintiff next asserts that attorneys' fees are awardable if AHCCCS improperly denied the deduction of guardian and/or conservator fees. Because we hold that the denial of the deduction was proper, we need not discuss whether Plaintiff would have been entitled to recover attorneys' fees if he were to have prevailed.

¶ 18 For the foregoing reasons, we affirm the judgment.

CONCURRING: MAURICE PORTLEY, Presiding Judge and G. MURRAY SNOW, Judge.

state regulations, Plaintiff's assertion is without supporting argument or citation of authority.

9.  A conservator merely deals with the property of its ward, not the ward's person. *See* A.R.S. § 14–5417. The record contains the progress notes of Veterans Human Service Specialist Cathi Starr. The notes label Starr's duties as "fiduciary." Included in those notes is a list outlining the duties of a guardian and conservator. The duties listed under conservator included (1) receiving all income, (2) establishing budgets, (3) reviewing, approving, and paying bills, (4) managing finances and assets, (5) contracting with vendors to provide goods or perform services, (6) preparing an inventory of assets and annual accountings, (7) visiting a client a minimum of four times a year to assess financial needs, (8) attending court and agency hearings, (9) making decisions regarding the financial well-being of the client, and (10) assisting Veterans in obtaining federal and state entitlements.

10.  Because we hold that Veterans' fees for its services are not expenses for medical care, we need not reach Veterans' argument that limitations on the amount of medical expenses are not reasonable.