SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| PIMA COUNTY, a political subdivision of the State of Arizona, and CLARENCE DUPNIK, PIMA COUNTY SHERIFF, | ) Arizona Supreme Court ) No.  CV-04-0356-PR ) ) Court of Appeals ) Division Two |
| Plaintiffs/Appellants, | ) No.  2 CA-CV 04-0004 ) |
| v. | ) Pima County ) Superior Court |
| PIMA COUNTY LAW ENFORCEMENT MERIT SYSTEM COUNCIL and GEORGIA BROUSSEAU, MICHAEL HELLON, HERSCHELLA HORTON, ROSEMARY MARQUEZ, PAUL JULIEN, and JAMES WATSON, in their official capacities, and acting as Pima County Law Enforcement Merit System Council, | ) No.  C20031396 ) ) ) **O P I N I O N** ) ) ) ) ) ) ) ) |
| Defendants/Appellees, | ) ) |
| JOSEPH HARVEY, | ) ) |
| Real Party in Interest. | ) ) |

Appeal from the Superior Court in Pima County
The Honorable Leslie B. Miller, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division Two
209 Ariz. 204, 99 P.3d 19 (App. 2004)

**VACATED**

_____

GABROY, ROLLMAN & BOSSÉ, P.C.                                      Tucson
      By   John Gabroy
           Lyle D. Aldridge
           Richard A. Brown
Attorneys for Pima County and Clarence Dupnik,
Pima County Sheriff

COREY & KIME                                                      Tucson
      By   Barry M. Corey
           Michelle S. Michelson
           Jason E. Smith
Attorneys for Pima County Law Enforcement
Merit System Council, Georgia Brousseau,
Michael Hellon, Herschella Horton, Rosemary
Marquez, Paul Julien, and James Watson

PICCARRETA & DAVIS P.C.                                           Tucson
      By   Michael L. Piccarreta
           Jefferson L. Keenan
           Michael W. Storie
Attorneys for Joseph Harvey
_____

**B E R C H**, Vice Chief Justice

¶1     This case arises out of the dismissal of Deputy Sheriff Joseph Harvey from the Pima County Sheriff's Office. We granted review to decide whether Pima County Law Enforcement Merit System Council ("LEMSC") Rule XIII-4(I), which gives the Council broad discretion to revoke or modify the employer's disciplinary action, is consistent with "recognized merit system principles of public employment," as required by Arizona Revised Statutes ("A.R.S.") section 38-1003 (Supp. 2004), and therefore whether the Council's reinstatement of Deputy Harvey was lawful. We conclude that Pima County LEMSC Rule XIII-4(I) is consistent with A.R.S. § 38-1003.

# I. FACTS AND PROCEDURAL BACKGROUND

¶2        Deputy Harvey testified in a criminal case that to effectuate an arrest, he had hit the arrestee with the butt of his gun and later slapped the handcuffed, shackled, and wounded man.  He stated that he slapped the arrestee not only to elicit incriminating statements, but also to keep the arrestee from losing consciousness before medical personnel arrived.

¶3        After reviewing that testimony and other reports of the incident, Pima County Sheriff Clarence Dupnik concluded that Deputy Harvey had used excessive force, engaged in inappropriate interview techniques, and showed poor judgment.  Dupnik decided to terminate Harvey's employment.  The termination notice cited the arrest incident and also alleged other rule and policy infractions, including Harvey's "career-long pattern of failure and/or unwillingness to comply with Department Rules and Regulations," his disregard of commands from a fellow officer, his absence without leave to drive an intoxicated friend home, and his inclusion of false information on booking forms.

¶4        Harvey appealed his termination to the Pima County Law Enforcement Merit System Council.  He testified before the hearing officer that he had slapped the arrestee to revive him, not solely to elicit incriminating statements.  Officers who witnessed the incident corroborated Harvey's account.  Some law enforcement supervisors, however, testified that slapping a

suspect is not an acceptable way to render first aid. Harvey did not deny the other accusations of misconduct, but minimized them. He questioned the timing of his termination, which occurred nearly eighteen months after the incident with the arrestee.

¶5        The hearing officer accepted Harvey's version of the slapping incident and found that it did not warrant discipline. For the other infractions, the hearing officer recommended the imposition of lesser sanctions than dismissal. The Council unanimously adopted the hearing officer's recommendations.

¶6        Pima County and Sheriff Dupnik sought review by filing a special action in the superior court. Finding no arbitrary or capricious actions by the Council or abuse of the Council's discretion, the court denied relief.

¶7        Pima County and Sheriff Dupnik appealed. The court of appeals reversed the superior court decision, concluding that A.R.S. § 38-1003, which limits the Council's authority to those powers exercised "pursuant to recognized merit system principles of public employment," requires deference to the discipline imposed by the Sheriff. *Pima County v. Pima County Law Enforcement Merit Sys. Council*, 209 Ariz. 204, 208, ¶¶ 13-14, 99 P.3d 19, 23 (App. 2004) ("*Harvey*"). The court of appeals examined several merit system cases, from which it deduced that the legislature had "recognized" review of employer actions by

the "arbitrary and capricious" standard of review as a merit system principle. *Id.* at 208-09, ¶ 16, 99 P.3d at 23-24. It therefore concluded that a similarly deferential standard of review was required for all merit system councils and that the less deferential standard of review set forth in LEMSC Rule XIII-4(I) violated A.R.S. § 38-1003. *Id.* at 210, ¶ 22, 99 P.3d at 25.

¶8    We granted review. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.  DISCUSSION

¶9    The powers and duties of a law enforcement merit system council are described in A.R.S. § 38-1003. The statute requires each law enforcement merit system council, "pursuant to recognized merit system principles of public employment," to create a process to ensure "fair and impartial" hiring and firing decisions for "all classified law enforcement officers." *Id.* It also requires each council to adopt rules of procedure and to "[h]ear and review appeals" relating to employee discipline. *Id.* § 38-1003(5), (6). Nothing in the statute requires a council to adopt any particular standards within those rules. It requires only that the rules and standards selected comport with merit system principles.

- 5 -

¶10    As authorized by A.R.S. § 38-1003, the Pima County Law Enforcement Merit System Council adopted rules, including LEMSC Rule XIII-4(I), creating a process for reviewing hiring, discipline, and dismissal decisions relating to Pima County law enforcement officers.

¶11    Before 1999, Pima County LEMSC Rule XIII-4(I) required the Council to affirm the employer-imposed discipline unless "the Council determines that the action appealed from was arbitrary or taken without reasonable cause." *Harvey*, 209 Ariz. at 206, ¶ 7, 99 P.3d at 21.  In 1999, however, the Council amended Rule XIII-4(I), replacing the "arbitrary or taken without reasonable cause" standard with a less deferential standard of review.  *Id.*  The rule now provides that if the Council finds just cause for the discipline imposed by the employer, the discipline must be affirmed.  LEMSC Rule XIII-4(I). But if the Council finds that just cause did not exist, "either (1) because some or all of the charges were not proven to the satisfaction of the Council, and/or (2) whether or not all of the charges were proven, the disciplinary action imposed was, *in the sole discretion of the Council*, too severe a penalty for the conduct proven," then the Council must revoke or modify the disciplinary action.  *Id.* (emphasis added).  Rule XIII-4(I)

then confers on the Council "the power to direct appropriate remedial action." *Id.*[1]

¶12 We are asked to determine whether the rule, which vests broad discretion in the Council, comports with "recognized merit system principles of public employment," as required by A.R.S. § 38-1003, or whether the rule exceeds the Council's authority.

¶13 Interpretation of rules and statutes is a legal matter, which we review de novo. *See Bilke v. State*, 206 Ariz. 462, 464, ¶ 10, 80 P.3d 269, 271 (2003) (interpreting statute); *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App. 1996) (interpreting court rule). Our task in this case is to ascertain what the legislature meant in A.R.S. § 38-1003 by requiring merit system rules to be consistent with "recognized

---

[1] Pima County Law Enforcement Merit System Rule XIII-4(I) provides, in full, as follows:

> If, after the hearing, a majority of the Council determines that there was just cause for the disciplinary action imposed, then the order shall be affirmed. If the Council determines that there was not just cause for the disciplinary action taken either (1) because some or all of the charges were not proven to the satisfaction of the Council, and/or (2) whether or not all of the charges were proven, the disciplinary action imposed was, in the sole discretion of the Council, too severe a penalty for the conduct proven, then the order shall be revoked or modified. The Council shall have the power to direct appropriate remedial action and shall do so after taking into consideration just and equitable relief to the employee in the best interest of the County and the public.

merit system principles of public employment," and then to determine whether Rule XIII-4(I) comports with those principles. *See City of Phoenix v. Superior Court,* 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984) (stating that court's primary goal in interpreting statutes is to ascertain and give effect to the intent of the legislature). Because administrative agencies derive their powers from their enabling legislation, their authority cannot exceed that granted by the legislature. *See Kendall v. Malcolm*, 98 Ariz. 329, 334, 404 P.2d 414, 417 (1965). Thus if Rule XIII-4(I) conflicts with A.R.S. § 38-1003, the rule must yield. *See Ariz. State Bd. of Regents v. Ariz. State Pers. Bd.*, 195 Ariz. 173, 175, ¶ 9, 985 P.2d 1032, 1034 (1999).

### A.    What are "recognized merit system principles of public employment"?

¶14    The phrase "recognized merit system principles of public employment" is not defined in A.R.S. § 38-1003 or in the legislative history accompanying that statute. Generally, however, merit systems embrace the notion that hiring, retention, and dismissal of public employees should be based on the employees' merit and competence, and not on political considerations. *See Donaldson v. Sisk*, 57 Ariz. 318, 330-31, 113 P.2d 860, 865 (1941); 15A Am. Jur. 2D *Civil Service* § 1 (2000). In addition, this court has recognized that a proper merit system must provide an aggrieved merit system employee

with a hearing in front of a neutral body before discipline decisions become final. *See, e.g., City of Phoenix v. Sittenfeld*, 53 Ariz. 240, 246-47, 88 P.2d 83, 86 (1939); *see also Hamilton v. City of Mesa*, 185 Ariz. 420, 424-25, 916 P.2d 1136, 1140-41 (App. 1996); *Deuel v. Ariz. State Sch. for the Deaf and Blind*, 165 Ariz. 524, 526-27, 799 P.2d 865, 867-68 (App. 1990) (setting forth due process rights of covered public employees); *accord* 5 U.S.C. § 2301 (1996) (setting forth federal merit system principles); *see generally* Daryl Manhart, Commment, *Property and Liberty Limitations on the Dismissal of Arizona Public Employees*, 1977 Ariz. St. L.J. 835, 853-54 [hereinafter "Manhart"] (discussing law enforcement merit systems).

¶15     The right to treatment based on merit and a hearing by a neutral board before discipline becomes final are therefore central merit system principles of public employment for purposes of A.R.S. § 38-1003. *See Evans v. State ex rel. Ariz. Corp. Comm'n*, 131 Ariz. 569, 572, 643 P.2d 14, 17 (App. 1982) (recognizing requirement that State Personnel Board be "a fair and impartial tribunal"); *Bishop v. Law Enforcement Merit Sys. Council*, 119 Ariz. 417, 422, 581 P.2d 262, 267 (App. 1978) (requiring the State Law Enforcement Merit System Council to provide a "fair and impartial hearing").

¶16     None of the authorities we reviewed, however, indicated whether procedural matters such as burdens of proof or

standards of review were basic merit system principles. We therefore examine whether the burden and standard in Rule XIII-4(I) are consistent with merit system principles.

**B.    Whether the "satisfaction of the Council" standard comports with recognized merit system principles.**

¶17    Pima County LEMSC Rule XIII-4(I) requires the Council to revoke or modify discipline if "some or all of the charges were not proven to the satisfaction of the Council." The Sheriff and Pima County argue that such a standard is "no standard" at all and renders decisions of the Council virtually unreviewable.

¶18    The Council itself reasonably interprets this part of the rule as imposing a burden on the employer to prove the charges warranting discipline by a preponderance of the evidence. We defer to an agency's reasonable interpretations of its own regulations. *Ariz. Water Co. v. Ariz. Dep't of Water Res.*, 208 Ariz. 147, 154, ¶ 30, 91 P.3d 990, 997 (2004) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844 (1984)).

¶19    Arizona courts have recognized the application of the preponderance of the evidence standard in previous merit system cases. *See, e.g., Wicks v. City of Tucson*, 112 Ariz. 487, 488, 543 P.2d 1116, 1117 (1975) (stating that the Tucson Civil Service Commission requires an employer to bear the burden of

proving facts by a preponderance of the evidence); *Woerth v. City of Flagstaff*, 167 Ariz. 412, 415, 808 P.2d 297, 300 (App. 1990) (stating that the Flagstaff Personnel Board requires that the employer establish facts by a preponderance of the evidence).

¶20    Therefore, although such a standard may not be required by the language of Pima County LEMSC Rule XIII-4(I), in applying the preponderance standard for proving the grounds for discipline, the Pima County Law Enforcement Merit System Council is in fact employing the standard used by other merit system boards in Arizona. Furthermore, the County and Sheriff do not argue that a preponderance standard conflicts with recognized merit system principles.

¶21    Requiring the employer to establish the alleged grounds for discipline by a preponderance of the evidence is consistent with basic merit system principles because it ensures the employee that any discipline imposed is based not on mere allegations by the employer, but on facts found more likely than not to be true by a neutral fact-finder. The Council is not bound by the facts asserted by the employer, but is required to independently find the facts warranting discipline. For that reason, we hold that the portion of Pima County LEMSC Rule XIII-4(I) that requires the Council to overturn discipline if "some or all of the charges were not proven to the satisfaction of the

- 11 -

Council," as interpreted by the Council to require a preponderance of the evidence burden of proof, is consistent with recognized merit system principles of public employment.

### C. Whether the "in the sole discretion of the Council" standard comports with recognized merit system principles.

¶22 Rule XIII-4(I) requires the Council to revoke or modify a disciplinary action if "the disciplinary action imposed was, in the sole discretion of the Council, too severe a penalty for the conduct proven." This language gives the Council sole authority to approve or modify the discipline for the behavior in question. Even though this provision affords the Council broad discretion, we nonetheless conclude that it comports with "recognized merit system principles of public employment."

¶23 Although the legislature could have imposed such a requirement, nothing in A.R.S. § 38-1003 obligates merit system councils to employ any particular standard of review or to defer to the employer's choice of discipline. In responding to the mandate to establish merit system rules, the various merit system councils and commissions in Arizona[2] adopted differing

---

[2] Several merit systems, merit commissions, and merit councils exist throughout the state, including the State Personnel Board, *see* A.R.S. §§ 41-781 to -786 (2004 & Supp. 2004); the county employee merit systems, *see* A.R.S. §§ 11-351 to -356 (2001); the State Law Enforcement Merit System Council, *see* A.R.S. §§ 41-1830.11 to -1830.15 (2004); the Maricopa and Pima County Law Enforcement Merit System Councils, *see* A.R.S. §§ 38-1001 to -1007 (2001 & Supp. 2004); and several other county

standards.  Some of these systems require deference to the appointing authority's choice of discipline.  *E.g.,* Maricopa County Employee Merit Sys. R. 10.16, *reported at* http://www.maricopa.gov/human_resources/pdf/msr.pdf at 37 (requiring deference unless employer action is "arbitrary or taken without reasonable cause"); Maricopa County Law Enforcement Merit Sys. R. 11.16, *reported at* http://www.maricopa.gov/human_resources/pdf/leomsr.pdf at 44 (same).

¶24   Other Arizona merit systems, however, do not require such deference.  *E.g.,* A.R.S. § 41-785(D) (Supp. 2004) (authorizing State Personnel Board to modify discipline found to be "disproportionate to the proven offense in light of mitigating circumstances"); Ariz. Admin. Code ("A.A.C.") R13-5-703(E) (requiring State Law Enforcement Merit System Council to sustain, modify, or rescind disciplinary actions after ascertaining whether the "law and the evidence" support the discipline); Pima County Employee Merit Sys. R. 14.4(A), *reported at* http://www.pima.gov/hr/pdf/MeritRules.pdf at 51 (imposing just cause standard); Tucson City Charter ch. XXII, § 3(c) (requiring Tucson Civil Service Commission to apply just cause standard).

¶25   The State Merit System is an example of a system that

_____

and municipal systems, *see* Manhart, *supra* ¶ 14, at 854-56.

- 13 -

employs a nondeferential standard.  *See* A.R.S. § 41-785(D).  The State Personnel Board's rules, which also must conform to "recognized merit principles of public employment," *see* A.R.S. § 41-1830.12(A)(3), authorize the Board to modify a disciplinary penalty, *inter alia,* if it "finds the penalty to be disproportionate to the proven offense in light of mitigating circumstances."  A.R.S. § 41-785(D).  The standard required of the State Personnel Board suggests that the legislature does not consider deference to the disciplinary authority to be a basic or necessary merit system principle, for the legislature itself modified A.R.S. § 41-785(D) in 2004 to incorporate this non-deferential standard of review.  Presumably the legislature thought that the amended standard that it imposed satisfied its own requirement that merit system rules must conform to recognized merit system principles.  *See* 2004 Ariz. Sess. Laws, ch. 163, § 1 (H.B. 2305).  Thus the legislature seems not to consider a deferential standard of review to be a necessary attribute of a recognized merit system.

¶26    The County nonetheless argues that Arizona courts have repeatedly reversed merit system board decisions that modified disciplinary actions in the absence of arbitrary and capricious action by the employer.  The court of appeals also cited with approval several cases applying the "arbitrary or capricious" standard.  *Harvey*, 209 Ariz. at 208-09, ¶ 16, 99 P.3d at 23-24

- 14 -

(citing *Ariz. Dep't of Corr. v. State Pers. Bd.,* 202 Ariz. 598, 601, ¶¶ 15-16, 48 P.3d 1208, 1211 (2002); *Pima County v. Pima County Merit Sys. Comm'n ("Logan"),* 186 Ariz. 379, 382, 923 P.2d 845, 848 (App. 1996); *Maricopa County v. Gottsponer,* 150 Ariz. 367, 372-73, 723 P.2d 716, 721-22 (App. 1986)). From these cases, the court of appeals reasoned that a deferential standard is required for the rule to comply with recognized merit system principles. *Id.* at ¶¶ 16-19, 98 P.3d at 23-24.

¶27    The fault in this reasoning is that the foregoing cases interpreted rules or statutes that expressly required deference to the employers' decisions or application of the "arbitrary or capricious" standard. The Maricopa County Merit System Commission and Maricopa County Law Enforcement Merit System Council rules, for example, both require that the employers' actions be sustained unless they are "arbitrary or taken without reasonable cause." *See* Maricopa County Employee Merit Sys. R. 10.16; Maricopa County Law Enforcement Merit Sys. R. 11.16. The cases interpreting these rules merely apply the codified standard. *E.g., Gottsponer*, 150 Ariz. at 371 n.2, 723 P.2d at 720 n.2.

¶28    Similarly, in *Pima County v. Pima County Merit System Commission ("Mathis")*, 189 Ariz. 566, 568, 944 P.2d 508, 510 (App. 1997), and *Pima County Sheriff's Department v. Smith*, 158 Ariz. 46, 48, 760 P.2d 1095, 1097 (App. 1988), the court of

- 15 -

appeals reviewed the Pima County Law Enforcement Merit System Council and Pima County Employee Merit Commission rules, respectively, before they were amended by the councils. At the time *Mathis* and *Smith* were decided, both rules expressly required affirmance of the employer's actions unless those actions were "arbitrary or taken without reasonable cause." *Mathis*, 189 Ariz. at 568, 944 P.2d at 510; *Smith*, 158 Ariz. at 48, 760 P.2d at 1097.

¶29     The court of appeals' and the County's reliance on those cases to support a conclusion that the "arbitrary or capricious" standard must always apply in merit system cases is misplaced. In each of those cases, the rule or statute being interpreted required review for arbitrariness or capriciousness. But nothing in any of the opinions cited by the court of appeals purported to require that the "arbitrary or taken without reasonable cause" standard of review apply in all merit system cases or to systems whose rules specify a different standard of review.

¶30     In an opinion issued contemporaneously with this one, we require the Maricopa County Merit Commission and reviewing courts to apply the deferential "arbitrary or taken without reasonable cause" standard when reviewing a disciplinary action taken against a Maricopa County detention officer who hit a restrained detainee. *Maricopa County Sheriff's Office v.*

*Maricopa County Employee Merit Sys. Comm'n*, ___ Ariz. ___, ___, ¶ ___, ___ P.3d ___, ___ (2005) ("*Juarez*"). Here, in an opinion that arrives at a facially contradictory result, we permit the Council to determine the appropriate punishment without deferring to the employer's choice of discipline. The distinction is that in each case, we require the reviewing commission or council to apply the standard of review required by the governing rule. In *Juarez,* Maricopa County Employee Merit System Rule 10.16 requires the commission to defer to the employer's disciplinary action. In *Harvey*, Pima County LEMSC Rule XIII-4(I) requires non-deferential review. All we hold today is that Pima County LEMSC Rule XIII-4(I) comports with recognized merit system principles and therefore may be applied by the Council.

¶31 When enacting A.R.S. § 38-1003, the legislature did not provide a standard of review for law enforcement merit system councils. The legislature, by statute, could have dictated that merit system councils defer to the employers' disciplinary decisions. Instead, the legislature opted to let the councils set their own standards, as long as the standards of review chosen fall within recognized merit system principles of public employment. We conclude that employing a reasoned standard less deferential to the employer's chosen discipline is consistent with recognized merit system principles because it

- 17 -

does not deny merit system employees treatment based on merit or deprive them of a decision by a neutral reviewing body. We therefore hold that Rule XIII-4(I) is consistent with recognized merit system principles by helping to ensure that Pima County law enforcement employees receive a hearing by a body independent of the employer.

### III. CONCLUSION

¶32     We affirm the decision of the superior court, vacate the opinion of the court of appeals, and reinstate the decision of the Council.

_____
Rebecca White Berch, Vice Chief Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
Charles E. Jones, Justice (Retired)