583 P.2d 891

**CITY OF SCOTTSDALE, a Municipal Corporation, Appellant,**

v.

**SCOTTSDALE ASSOCIATED MERCHANTS, INC., a Nonprofit Corporation, Appellee.**

**No. 13181.**

Supreme Court of Arizona, In Division.

July 13, 1978.

Rehearing Denied Sept. 7, 1978.

Richard R. Filler, City Atty., Scottsdale, for appellant.

Snell & Wilmer by Guy G. Gelbron and W. Charles Thomson, III, Phoenix, for appellee.

HOLOHAN, Justice.

Scottsdale Associated Merchants, appellee, brought a declaratory judgment action

seeking to have Scottsdale's zoning ordinance for nonconforming signs declared illegal. After both parties had filed cross motions for summary judgment the trial court ruled in favor of appellee and entered judgment, enjoining the city from enforcing the ordinance. The City of Scottsdale filed a timely appeal. We took jurisdiction pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e)(5).

In 1973 the city charter of the City of Scottsdale was amended to provide for the removal of all signs which did not conform to zoning ordinances subject to a period for amortization which was to be provided by ordinance. Pursuant to the charter amendment Ordinance 823 was adopted by the City on August 20, 1974. Under Ordinance No. 823 if a commercial sign was more than five years old the owner has an additional one or two years, depending on the type of sign, to either remove the sign or bring it into conformity with current zoning ordinances. The appellee challenged the validity of Ordinance 823, contending that it was in conflict with the state statute covering the subject, A.R.S. § 9–462.02.* The appellee points out that the ordinance in question does not provide for compensation for removal of the nonconforming signs which is required by A.R.S. § 9–462.02.

The appellant city responds that even if there is a conflict between the provisions of the state zoning statute and Ordinance 823, the state statute is not applicable. The City argues that it is a charter city with the authority to provide for zoning matters under its charter, and the authority for Ordinance 823 is not the state statute but the city charter.

The position of the appellant city is not in harmony with the announced law of this state. In *City of Scottsdale v. Superior Court,* 103 Ariz. 204, 439 P.2d 290 (1968) this court specifically held that zoning authority comes from the state. When the state grants zoning power to a city, the power must be exercised within the limits and in the manner prescribed in the grant and not otherwise.

Charter cities have certain rights and privileges in local matters to legislate free from interference by the legislature. *Luhrs v. City of Phoenix,* 52 Ariz. 438, 83 P.2d 283 (1938). When the subject of legislation is a matter of statewide concern the Legislature has the power to bind all throughout the state including charter cities. *Clayton v. State,* 38 Ariz. 466, 300 P. 1010 (1931); *Luhrs v. City of Phoenix, supra.* Zoning regulation is based upon the police power of the state. *Hart v. Bayless Investment and Trading Company,* 86 Ariz. 379, 346 P.2d 1101 (1959); *City of Scottsdale v. Superior Court, supra.* Zoning regulation is a matter of statewide concern.

Finally, the appellant city argues that Ordinance 823 is not in conflict with the state statute because the ordinance is in effect an amortization of a nonconforming use. The argument is made that as long as the period of amortization is reasonable the provision for amortization is legal even if not specially authorized by statute. The statute permits elimination of nonconforming uses, and amortization is within the spirit of the statute. We do not agree.

This court has stated that zoning ordinances being in derogation of property rights, must be strictly construed. *Kubby v. Hammond,* 68 Ariz. 17, 198 P.2d 134 (1948); *Hart v. Bayless Investment and Trading Company, supra.* The state statute A.R.S. § 9–462.02 has provided the method of eliminating nonconforming uses—purchase or condemnation. Cities and other political subdivisions must strictly comply with the state statute which delegates to them the power to act.

* A.R.S. § 9–462.02 (1977) provides:

The municipality may acquire by purchase or condemnation private property for the removal of nonconforming uses and structures. The elimination of such nonconforming uses and structures in a zoned district is for a public purpose. Nothing in an ordinance or regulation authorized by this article shall affect existing property or the right to its continued use for the purpose used at the time the ordinance or regulation takes effect, nor to any reasonable repairs or alterations in buildings or property used for such existing purpose.

Ordinance 823 conflicts with A.R.S. § 9–462.02, and it is therefore void. The judgment of the superior court is affirmed.

STRUCKMEYER, V. C. J., and GORDON, J., concur.