613 P.2d 1259

Gary R. LEVITZ and M. D. Pruitt Furniture Company, an Arizona Corporation, Appellees,

v.

STATE of Arizona; City of Phoenix, a Municipal Corporation; Carlos Bryant, Supervisor, Sign Section, Building & Safety Department; Will Tolhurst, Sign Inspector, and all other agents, servants, employees, appointed and elected officials; John Doe, Appellants.

No. 14450.

Supreme Court of Arizona, In Banc.

June 5, 1980.

Rehearing Denied July 15, 1980.

Andrew Baumert, III, City Atty. by Michael D. House, Asst. City Atty., Phoenix, for appellants.

Ben C. Pearson, Phoenix, for appellees.

HOLOHAN, Vice Chief Justice.

This appeal has been brought by the City of Phoenix from a judgment of the Superior Court declaring the City's Ordinance G–1508 invalid. The Superior Court also enjoined the City from initiating or continuing any criminal prosecutions of appellees based on the ordinance's provisions. We assumed jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Prior to December 27, 1967, the City of Phoenix regulated signs and billboards through its Zoning Ordinance. On the above date the City Council adopted Ordinance G–831 which placed the regulations of all signs in a separate chapter of the City Code known as Chapter 29. All provisions of the Zoning Ordinance relating to signs and billboards were later repealed leaving Chapter 29 as the sole source of regulation of signs and billboards. On November 18, 1975, the City Council enacted Ordinance G–1508 which revised and readopted the sign regulations in Chapter 29.

In May, 1977, the City of Phoenix caused criminal complaints to be filed against appellees charging them with violation of several sections of Chapter 29 of the City Code dealing with portable ground signs.

The appellees filed an action in the Superior Court seeking to declare the City's Ordinance G–1508 invalid and seeking to enjoin the City from further prosecuting or enforcing the sign ordinance.

■ The issue presented by this appeal is whether the Ordinance G–1508, under which the City sought to prosecute the appellees, is valid.

The City readily admits that the revised sign ordinance in question was not enacted in accordance with the statutory requirements of the Urban Environment Management Act, A.R.S. § 9–461 et seq. There was no attempt to comply with the procedural requirements of A.R.S. § 9–462.04 which requires, among other things, notice and public hearings.

The City maintains that the regulations of signs is purely a local matter subject to regulation by the local government under the power given to charter cities by Article 13 § 2 of the Arizona Constitution.

The position of the City is not correct. We thought that our decision in *City of Scottsdale v. Scottsdale Associated Merchants, Inc.*, 120 Ariz. 4, 583 P.2d 891 (1978) resolved the issue. In that case dealing with regulation of signs by a charter city we stated:

"The appellant city responds that even if there is a conflict between the provisions of the state zoning statute and Ordinance 823, the state statute is not applicable. The City argues that it is a charter city with the authority to provide for zoning matters under its charter, and the authority for Ordinance 823 is not the state statute but the city charter.

"The position of the appellant city is not in harmony with the announced law of this state. In *City of Scottsdale v. Superior Court*, 103 Ariz. 204, 439 P.2d 290 (1968) this court specifically held that zoning authority comes from the state. When the state grants zoning power to a city, the power must be exercised within the limits and in the manner prescribed in the grant and not otherwise.

"Charter cities have certain rights and privileges in local matters to legislate free from interference by the legislature. *Luhrs v. City of Phoenix*, 52 Ariz. 438, 83 P.2d 283 (1938). When the subject of legislation is a matter of statewide concern the Legislature has the power to bind all throughout the state including charter cities. *Clayton v. State*, 38 Ariz. 466, 300 P. 1010 (1931); *Luhrs v. City of Phoenix, supra*. Zoning regulation is based upon the police power of the state. *Hart v. Bayless Investment and Trading Company*, 86 Ariz. 379, 346 P.2d 1101 (1959); *City of Scottsdale v. Superior Court, supra*. Zoning regulation is a matter of statewide concern." 120 Ariz. at 5, 583 P.2d at 892.

The binding effect of the state zoning statute on municipalities was first made clear in *Wood v. Town of Avondale*, 72 Ariz. 217, 232 P.2d 963 (1951), when this court struck down a zoning ordinance which had been enacted without following the notice requirements of the state statute in effect at the time. In *Manning v. Reilly*, 2 Ariz.App. 310, 408 P.2d 414 (1965), the Court of Appeals pointed out that the general rule governing enactment of zoning ordinances is that the statutory procedure must be strictly pursued, and an ordinance enacted without substantial compliance with the statutory requirements is void. In *Committee for Neighborhood Preservation v. Graham*, 14 Ariz.App. 457, 484 P.2d 226 (1971) the Court of Appeals emphasized that the State had preempted the field of zoning legislation, and cities and counties were bound to follow the state guidelines established by the Legislature.

Appellant, however, seeks to distinguish the regulation of signs, which antedate zoning regulations as such, contending that such regulations are not zoning but a local matter dealing with a purely local problem—signs.

In support of its position the City points out that Division One of the Court of Appeals in *State v. Jacobson*, 121 Ariz. 65, 588 P.2d 358 (App.1978) has held that the power to regulate signs is not tied to the zoning power, and a city may regulate signs under its charter power.

The City notes that its ordinances regulating signs were in existence long before the State enacted any zoning legislation. It is a fact that municipal regulation of advertising signs began before comprehensive zoning. Restrictions in the location, size, and construction of billboards were common during the early 1900s. *See* Anderson, *American Law of Zoning 2d* Vol. 2 § 15.82.

The constitutionality of billboard sign regulation was upheld as a valid exercise of the police power by the United States Supreme Court in 1917. *Thomas Cusack Company v. City of Chicago*, 242 U.S. 526, 37 S.Ct. 190, 61 L.Ed. 472 (1917). In later years sign regulations were made a part of

zoning regulations to achieve a more uniform treatment of buildings, structures, and improvements. These comprehensive zoning regulations were also upheld as a valid exercise of the police power to regulate for the general welfare, safety and health of the community. *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

In 1925 the Arizona Legislature enacted the first state zoning statute. Chapter 80 Session Laws of 1925. The legislation was modeled after the Standard State Zoning Enabling Act which was developed under the leadership of the United States Department of Commerce. Under the Act municipalities were granted the power to establish districts and regulate the types of structures and uses. A Board of Adjustment was established to hear appeals and determine requests for variance from the terms of the ordinance. *See Nicolai v. Board of Adjustment*, 55 Ariz. 283, 101 P.2d 199 (1940). The first test of a city's action under the statute occurred in 1926 when the City of Tucson enacted an ordinance regulating the location of the undertaking business. The ordinance was upheld as constitutional. *City of Tucson v. Arizona Mortuary*, 34 Ariz. 495, 272 P. 923 (1928).

*Wood v. Town of Avondale, supra*, and subsequent decisions established the principle that the State had preempted the field of zoning legislation and municipalities were bound by the terms of the state legislation.

We do not accept the suggestion of the City that advertising sign regulation is somehow exempt from the requirements of the state regulation. Anything in *State v. Jacobson, supra*, to the contrary is overruled.

It is true that the history of sign regulation has been one of diversity. We believe, however, that the Urban Environment Management Act, *supra* is a restatement of the State's attempt to provide a uniform method of regulating the many and varied land uses under a comprehensive plan. The most potent tool to accomplish

this end is zoning, but the Act requires that zoning be accomplished consistent with a master plan. The legislature places sign regulation as a part of zoning. A.R.S. § 9–462.01. Although a municipality is not required to have sign regulations, it appears that the whole intent of the Urban Environment Management Act is that when a municipality does regulate signs it be done as zoning regulations and conform to the master plan established by the City.

Recognizing that a legal restraint on the use of property is a serious matter, the legislature prescribed the method to be followed for enacting a zoning ordinance. Two important requirements were public notice and an opportunity to be heard at a public hearing. A.R.S. § 9–462.04. The City admits that it did not comply with these requirements; therefore the ordinance enacted is void. The judgment of the Superior Court is affirmed.

HAYS and GORDON, JJ., concur.

STRUCKMEYER, C. J., and CAMERON, J., dissent.