IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID HAROLD COLES, *Appellant.*

No. 1 CA-CR 13-0250
FILED 5-6-2014

Appeal from the Superior Court in Maricopa County
L2012-000404-001
The Honorable Crane McClennen, Judge

**REVERSED**

COUNSEL

Scottsdale City Prosecutor's Office, Scottsdale
By Kenneth M. Flint
*Counsel for Appellee*

Debus Kazan & Westerhausen, Ltd., Phoenix
By Lawrence I. Kazan and Tracey Westerhausen
*Counsel for Appellant*

**OPINION**

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

**C A T T A N I,** Judge:

¶1  David Harold Coles appeals the superior court's ruling rejecting his argument that Scottsdale's public intoxication ordinance is preempted by a state statute that prohibits local ordinances penalizing or imposing sanctions for intoxication. For reasons that follow, we conclude that the state statute preempts the local ordinance, and we reverse the superior court's ruling.

**FACTS AND PROCEDURAL BACKGROUND**

¶2  On December 21, 2011, the City of Scottsdale cited Coles under Scottsdale City Code ("S.C.C.") section 19-8(a) for being "incapacitated by alcohol in public." No additional specifics of the charged offense were listed. Coles sought dismissal of the charge on the basis that the city ordinance conflicts with Arizona Revised Statutes ("A.R.S.") section 36-2031, which prohibits local laws criminalizing or having as an element of an offense "being a common drunkard or being found in an intoxicated condition."[1] After briefing and oral argument, the municipal court granted Coles's motion and dismissed the public intoxication charge.

¶3  The City appealed to the Maricopa County Superior Court, which reversed the municipal court decision. The superior court held that, although A.R.S. § 36-2031 preempts local laws that include being in "an intoxicated condition" as an element of an offense, it does not preempt local laws in which being "under the influence of alcohol" is an element of an offense.

¶4  Coles timely filed this appeal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-

---

[1]  Absent material revisions after the relevant date, we cite a statute's current version.

120.21(A)(1), -2101(A)(1), and 22-375(A). Our jurisdiction is limited to determining the validity of the municipal ordinance. A.R.S. § 22-375(A).

## DISCUSSION

¶5        Coles argues that A.R.S. § 36-2031 preempts S.C.C. § 19-8(a). We agree because the two provisions conflict with each other in an area in which the Arizona Legislature has acted with the intent to preempt local regulation.

¶6        When an issue affects both state and local interests, municipalities may address the issue by enacting and enforcing relevant laws unless specifically preempted by state law. *Coconino County v. Antco, Inc.*, 214 Ariz. 82, 90, ¶ 24, 148 P.3d 1155, 1163 (App. 2006). A state statute preempts a local ordinance when (1) the municipality creates a law in conflict with the state law, (2) the state law is of statewide concern, and (3) the state legislature intended to appropriate the field through a clear preemption policy. *City of Prescott v. Town of Chino Valley*, 163 Ariz. 608, 616, 790 P.2d 263, 271 (App. 1989), *vacated in part on other grounds*, 166 Ariz. 480, 803 P.2d 891 (1990). Whether a state law preempts a city ordinance is subject to *de novo* review as a question of law. *City of Tucson v. Rineer*, 193 Ariz. 160, 162, ¶ 2, 971 P.2d 207, 209 (App. 1998).

¶7        In 1972, the Arizona Legislature amended A.R.S. § 13-379 to decriminalize being under the influence of alcohol in a public place. The amendment decriminalized the general condition of being intoxicated unless engaged in specified activities, *i.e.*, driving or operating vehicles, aircraft, boats, machinery, or other equipment.[2] The Legislature simultaneously established treatment programs and services for intoxicated persons or persons incapacitated by alcohol who voluntarily seek treatment or who are transported to an approved facility by a peace officer or any other person. *See* 1972 Ariz. Sess. Laws ch. 162, § 3 (codified at A.R.S. §§ 36-2021 to -2031).

---

[2]        Before the 1972 amendment, § 13-379 criminalized being "in a public place under the influence of *alcohol*, toxic vapors, poisons, narcotics or other drug not therapeutically administered, where it reasonably appears that he may endanger himself or other persons or property." A.R.S. § 13-379 (1971) (emphasis added). The amendment eliminated the word "alcohol." 1972 Ariz. Sess. Laws ch. 162, § 1. Section 13-379 has since been repealed.

¶8      The Legislature contemporaneously enacted A.R.S. § 36-2031, which provides:

A.  No county, municipality or other political subdivision may adopt or enforce any local law, ordinance, resolution or rule having the force of law that includes being a common drunkard or being found in an intoxicated condition as one of the elements of the offense giving rise to criminal or civil penalty or sanctions, but nothing in this article shall affect any laws, ordinances, resolutions or rules against drunken driving, driving under the influence of alcohol or other similar offenses involving the operation of vehicles, aircraft, boats, machinery or other equipment, or regarding the sale, purchase, dispensing, possessing or using of alcoholic beverages at stated times and places or by particular classes of persons.

B.  No county, municipality or other political subdivision may interpret or apply any law of general application to circumvent the provision of subsection A.

¶9      The City of Scottsdale has criminalized "Alcohol, drug, etc., incapacitation" under S.C.C. § 19-8(a):

No person shall be in a public place under the influence of alcohol, toxic vapors, poisons, narcotics, or other drug not therapeutically administered, when it reasonably appears that he may endanger himself or other persons or property.

¶10      To determine whether A.R.S. § 36-2031 preempts S.C.C. § 19-8(a), we first address whether the provisions are in conflict. The superior court concluded that these two provisions can be harmonized because the state statute precludes local ordinances that include being "in an intoxicated condition" as an element of an offense, whereas the municipal ordinance precludes being "under the influence of alcohol."

¶11      Although we agree that the phrase "in an intoxicated condition" is different than "under the influence," that difference is not dispositive. A person who is "intoxicated" is in fact "under the influence" to a particular, greater degree. *See Hasten v. State*, 35 Ariz. 427, 430–31, 280 P. 670, 671 (1929) (noting that a 1927 statutory change from penalizing driving by someone who "becomes or is intoxicated" to penalizing driving by someone who is "under the influence of intoxicating liquor" evidenced the Legislature's decision that "many persons who ha[ve] not

4

yet arrived at [the point of actual intoxication]" should nevertheless be prohibited from driving); *see also State v. Noble*, 250 P. 833, 834 (1926) (concluding that the "under the influence of intoxicating liquor" standard under Oregon law was a lesser standard than "drunk or intoxicated" and did not require a showing that the defendant was drunk or intoxicated, but rather "under the influence of intoxicating liquor to some perceptible degree"), *cited with approval in Hasten*, 35 Ariz. at 430, 280 P. at 671. Because the difference between being "in an intoxicated condition" and being "under the influence" is, at most, a matter of degree, and because the group of persons who are "under the influence" subsumes the group of persons who are "in an intoxicated condition," the Scottsdale ordinance criminalizing being "under the influence" conflicts with § 36-2031.

¶12　　　　Having concluded that S.C.C. § 19-8(a) conflicts with A.R.S. § 36-2031, we next address whether § 36-2031 is of statewide concern and evidences a legislative intent to "appropriate the field." The City acknowledges that § 36-2031(A) resulted from changing views nationwide relating to how alcoholism should be treated. In 1962, the United States Supreme Court limited the right of the government to criminalize "status" crimes, declaring unconstitutional a California law making it a misdemeanor to be addicted to the use of narcotics. *Robinson v. California*, 370 U.S. 660, 665–67 (1962). The Court further noted that it was unlikely that any attempt to criminalize having a disease or mental illness, which by extension includes having an addiction, would survive constitutional scrutiny. *Id.* at 666–67.

¶13　　　　In 1968, the United States Supreme Court noted a "[d]ebate [] within the medical profession as to whether 'alcoholism' is a separate 'disease' in any meaningful biochemical, physiological or psychological sense, or whether it represents one peculiar manifestation in some individuals of underlying psychiatric disorders." *Powell v. Texas*, 392 U.S. 514, 522 (1968). Although the Court upheld the defendant's conviction for being found intoxicated in public on a particular occasion, *id.* at 532, in a concurring opinion, Justices Black and Harlan reviewed the history of public drunkenness as a crime, noting that drunkenness was proscribed as early as 1606 and concluding that it was a question to be resolved at the local, rather than national, level. *Id.* at 538, 547–48 (Black, J., concurring).

¶14　　　　In 1971, the National Conference of Commissioners on Uniform State Laws approved the Uniform Alcoholism and Intoxication Treatment Act ("UAITA"), which proposed treatment, rather than incarceration, for alcoholism and included a provision (similar to A.R.S. § 36-2031(A)) that would preclude local laws relating to drinking:

> No county, municipality, or other political subdivision may adopt or enforce a local law, ordinance, resolution, or rule having the force of law that includes drinking, being a common drunkard, or being found in an intoxicated condition as one of the elements of the offense giving rise to a criminal or civil penalty or sanction.

UAITA § 19(a). The relevant Arizona statutes, *see, e.g.*, A.R.S. §§ 36-2023, 36-2031, appear to have been modeled closely after the UAITA, with the only appreciable difference between § 32-2031 and UAITA § 19(a) being the elimination of the word "drinking" from the state statute.[3]

¶15        Although the City urges that the absence of the word "drinking" in the state statute is important, the focus of both the model statute and the state statute is on decriminalizing alcohol-related conditions. Thus, we conclude that the state statute prohibits local ordinances regulating being intoxicated, as well as "drinking."

¶16        We also reject the City's contention that S.C.C. § 19-8(a) can be harmonized with the state statute on the basis that § 36-2031(A) specifies an exception for ordinances "regarding the sale, purchase, dispensing, possessing or using of alcoholic beverages at stated times and places or by particular classes of persons." Although the City urges that the local ordinance can be construed as a law regulating a "particular class[] of persons," *i.e.*, those who are endangering themselves, others, or property, interpreting the statute in this manner would circumvent § 36-2031(B) because almost anyone who is under the influence of alcohol in a public place arguably presents a danger to himself or others. Moreover, such a reading ignores the fact that, when enacting § 36-2031, the Legislature contemporaneously amended § 13-379 to eliminate criminal liability for public drunkenness even where "it reasonably appears that [the person] may endanger himself or other persons or property." Thus,

---

[3]        The title to the 1972 legislation amending A.R.S. § 13-379 and adding § 36-2031 is "AN ACT RELATING TO PUBLIC HEALTH; PROVIDING FOR EVALUATION AND TREATMENT OF PERSONS IMPAIRED BY ALCOHOLISM; ABOLISHING PUBLIC DRUNKENNESS AS A CRIME[.]" 1972 Ariz. Sess. Laws ch. 162. The title of an act, like titles and section headings of statutes, may provide guidance regarding legislative intent. *See Florez v. Sargeant*, 185 Ariz. 521, 524, 917 P.2d 250, 253 (1996).

in amending § 13-379, the Legislature specifically contemplated the particular class of persons who are "under the influence of alcohol" and who may endanger themselves, others, or property, and nevertheless determined that such persons are not subject to the criminal sanctions that remain in place for persons under the influence of other substances.

¶17        We conclude that the adoption of §§ 36-2021 to -2031 signaled the Legislature's determination that alcoholism should be treated as a disease and not criminalized unless a person under the influence of alcohol engages in specified activities such as driving or operating other types of vehicles or equipment.   By adopting § 36-2031, and thus prohibiting counties, municipalities, and other political subdivisions from using intoxication as an element of an offense, except as specified, or from "apply[ing] any law of general application to circumvent [that prohibition]," the Legislature addressed an issue of statewide importance, and expressly stated its intent to "appropriate the field."

## CONCLUSION

¶18        For the foregoing reasons, we reverse the superior court's ruling and reinstate the decision of the municipal court.



Ruth A. Willingham · Clerk of the Court
FILED: MJT