IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

OAK CREEK HOSPITALITY, LLC, *Plaintiff/Appellant*,

*v.*

CITY OF SEDONA; SCOTT JABLOW, in his official capacity as Mayor of
the City of Sedona; Anette Spickard, in her official capacity as City
Manager of the City of Sedona, *Defendants/Appellees*.

No. 1 CA-CV 25-0135

FILED 11-26-2025

Appeal from the Superior Court in Yavapai County
No.  S1300CV202480241
The Honorable Linda Wallace, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Sharf-Norton Center for Constitutional Litigation, Phoenix
By Jonathan Riches
*Co-Counsel for Plaintiff/Appellant*

Frazier Law PLLC, Scottsdale
By John Thorpe
*Co-Counsel for Plaintiff/Appellant*

Sims Mackin, LTD., Phoenix
By Kristin M. Mackin
*Counsel for Defendants/Appellees*

_____

**OPINION**

_____

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

_____

**P E R K I N S**, Judge:

**¶1** Oak Creek Hospitality, LLC ("Oak Creek") appeals the superior court's order dismissing its complaint for declaratory and injunctive relief against the City of Sedona ("the City"). We hold that the definition of "vacation rental or short-term rental" in Arizona Revised Statutes Section 9-500.39 ("the Short-Term Rental Statute") includes individual mobile home units. We therefore reverse the superior court's order dismissing Oak Creek's complaint and remand for proceedings consistent with this opinion.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In 2024, Oak Creek purchased a 59-space mobile home park in Sedona called the Oak Creek Mobilodge, intending to rent out the mobile homes as short-term rentals. When Oak Creek contacted the City to inquire about applying for a short-term rental license, the City responded that "[a]ny homes in a mobile home park are not permitted to be used as [short-term rentals]."

**¶3** Oak Creek sued the City for declaratory and injunctive relief, arguing the City's position contradicted the Short-Term Rental Statute, which prohibits cities and towns from restricting short-term rentals within their jurisdictions. Oak Creek asked for an order directing the City to permit Oak Creek to use the Mobilodge for short-term rentals, and for a declaratory judgment that the City's policy is unlawful as preempted by the Short-Term Rental Statute.

**¶4** The City moved to dismiss the complaint for failure to state a claim, arguing that (1) the statutory definition of "short-term rental" does not apply to a mobile home park, and (2) the preemption doctrine does not apply because the City's short-term rental ordinance does not conflict with the Short-Term Rental Statute. Concurrent with its response to the City's motion, Oak Creek moved for summary judgment. The superior court

summarily granted the City's motion to dismiss and denied Oak Creek's motion for summary judgment as moot.

¶5        Oak Creek timely appealed and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        Oak Creek argues the superior court erred by granting the City's motion to dismiss because the City's policy that would cause it not to grant Oak Creek a short-term rental license is preempted by the Short-Term Rental Statute. Oak Creek also argues that because the issue is purely legal, the court should have granted its motion for summary judgment.

### I.        Motion to dismiss

¶7        We review *de novo* a superior court's grant of a motion to dismiss for failure to state a claim, *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 7 (App. 2014), whether a state statute preempts a city regulation, *City of Scottsdale v. State*, 237 Ariz. 467, 469, ¶ 9 (App. 2015), and the interpretation of statutory provisions, *State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 447, ¶ 9 (2004).

### A.        The scope of the preemption doctrine

¶8        "To determine whether a local government has been preempted, a court must find [1] a clear manifestation of legislative intent to preclude local control and [2] an actual conflict between local regulation and governing state law." *Coconino Cnty. v. Antco, Inc.*, 214 Ariz. 82, 90, ¶ 25 (App. 2006) (cleaned up).

¶9        The Short-Term Rental Statute is unambiguous in its expressed intent to preclude local control. *See* A.R.S. § 9-500.39(A) ("A city or town may not prohibit vacation rentals or short-term rentals."); A.R.S. § 9-500.39(B) ("A city or town may not restrict the use of or regulate vacation rentals or short-term rentals based on their classification, use or occupancy except as provided in this section."). The parties dispute whether the local regulation and governing state law actually conflict.

¶10        The City contends that no actual conflict exists because its own ordinance regulating short-term rentals is textually identical to the statute, and it is merely enforcing the statutory definition of the term

"short-term rental." But Oak Creek does not challenge how the ordinance is written; it challenges how the ordinance is enforced.

**¶11** We must therefore determine whether the Short-Term Rental Statute preempts the City's ban on short-term rentals of mobile homes in a mobile home park. This question is justiciable even though Oak Creek has not yet "suffer[ed] an actual injury" from the City's policy, because Oak Creek "has a real and present need to know" whether the City can prevent it from exercising its right to dispose of its property as it chooses. *See Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 424–25, ¶¶ 29–30 (2022); *see also* A.R.S. § 12-1831 ("Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.").

## B. Actual conflict

**¶12** The Short-Term Rental Statute limits the restrictions cities and towns can place on "vacation rentals" and "short-term rentals." A.R.S. § 9-500.39(A). The statute defines a "vacation rental" or "short-term rental" to include "any individually or collectively owned single-family or one-to-four family house or dwelling unit." A.R.S. § 9-500.39(L)(4). The City argues this language refers to one form of land use — the unified use of an entire parcel of real property for single- or one-to-four-family residential purposes. Because the Oak Creek Mobilodge's land use is a 59-space mobile home park, the City asserts the Mobilodge cannot be a single-family or one-to-four-family house or dwelling unit. Oak Creek counters that the statute protects short-term rentals of all mobile homes in a mobile home park. It assigns a regular meaning to "house or dwelling unit" to include individual residential structures, stressing that the statute does not reference parcels, land use, or zoning.

**¶13** We must decide whether an individual mobile home qualifies as a "single-family or one-to-four-family house or dwelling unit" under the Short-Term Rental Statute.

**¶14** "To determine a statute's meaning, we look first to its text." *State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017). We also "read statutes of the same subject or general purpose *in pari materia*." *State Farm Auto. Ins. Co. v. Orlando*, 259 Ariz. 531, 537, ¶ 23 (2025) (cleaned up). Because the Short-Term Rental Statute does not define the term "house or dwelling unit," we must read the statute *in pari materia* with statutes of the same subject or general purpose. *See id.*

¶15 We begin with a disclaimer in the Short-Term Rental Statute. Subsection (J) directs that the statute "does not exempt an owner of a *residential rental property*, as defined in [Section] 33-1901, from maintaining [certain information] with the assessor of the county." A.R.S. § 9-500.39(J) (emphasis added). The inclusion of a disclaimer for residential rental property indicates that the statute applies to residential rental property. Section 33-1901(2) defines "residential rental property" to include a "mobile home" in a "space rental mobile home park" if the mobile home "is owned . . . by the owner of the rental space." Because Oak Creek asserts that it owns most of the individual mobile homes in the Mobilodge, under Section 33-1901(2), those mobile homes are part of the residential rental property, to which the statute appears to apply.

¶16 Widening our scope to Title 9 as a whole, we find several definitions of terms similar to "house or dwelling unit." A "residential dwelling unit" is "a building or structure or part of a building or structure that is used for a home or residence by one or more persons who maintain a household. *It also means a mobile home regardless of ownership of the land*." A.R.S. § 9-1301(9) (emphasis added). "Housing" is "any structure suitable for residence by an individual or family." A.R.S. § 9-441(1). An "accessory dwelling unit" is "a self-contained living unit that is on the same lot or parcel as a single-family dwelling." A.R.S. § 9-461.18(H)(1). Those definitions plainly refer to the structures themselves, and not to the land on which the structures sit.

¶17 Finally, the definition of "dwelling unit" in the Mobile Home Parks Residential Landlord and Tenant Act specifically "excludes real property used to accommodate a mobile home." A.R.S. § 33-1409(8). In other words, the dwelling unit is the mobile home itself, and not the space on which it sits.

¶18 The aforementioned statutes consistently treat terms like "house or dwelling unit" to refer to *structures*, and not to the legal character of a property's *use*. They also consistently refer to mobile homes as "dwelling units." We therefore conclude that the phrase "house or dwelling unit" in the Short-Term Rental Statute's definition of "short-term rental" includes individual mobile home units and does not refer to the entire mobile home park.

¶19 We address the City's remaining arguments in turn. The City argues that the explicit inclusion of "any unit or group of units in a condominium or cooperative" in the definition of short-term rental suggests the exclusion of homes in mobile home parks or any other variant

of multiple dwelling units on a property with a single owner. A.R.S. § 9-500.39(L)(4)(a). But, as we have concluded, a mobile home in a mobile home park is a "house or dwelling unit" under the statute and thus did not need to be listed separately. *Id.* Whereas, units in condominiums and cooperatives did need to be listed separately because they are typically in multi-unit structures that may not fall within the "house or dwelling unit" definition.

**¶20** The City also argues that our interpretation would undermine the statute's notice provision, requiring the owner of a "short-term rental to notify all single-family residential properties adjacent to and directly and diagonally across the street from [it]." A.R.S. § 9-500.39(B)(6). The City contends that the notice provision would be ineffective for mobile home short-term rentals because it requires notice to *properties* neighboring the mobile home park but not to the neighboring mobile homes which are most affected. That argument incorrectly assumes that *property* in the notice requirement refers to entire parcels. Because the statute uses the terms "short-term rental" and "short-term rental property" interchangeably, *see e.g.*, A.R.S. § 9-500.39 (A city may penalize "an owner of a vacation rental or short-term rental . . . [for] violations related to the same vacation rental or short-term rental property"), we conclude that "property," just like "short-term rental," refers to individual mobile homes, not entire parcels. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("A word or phrase is presumed to bear the same meaning throughout a text."). Therefore, Section 9-500.39(B)(6) requires the owner of a short-term rental in a mobile home park to notify neighboring mobile homes, not parcels that neighbor the mobile home park.

**¶21** At bottom, under the Short-Term Rental Statute, the City may not prohibit mobile homes from being used as short-term rentals. *See* A.R.S. § 9-500.39(A). The City may require a mobile home owner to apply for a permit or license pursuant to Section 9-500.39(B)(5), but may not deny the application except for the reasons stated in Section 9-500.39(C) (a city may only deny a permit or license application for enumerated deficiencies in the application itself).

**¶22** Because the City's position that "[a]ny homes in a mobile home park are not permitted to be used as [short-term rentals]" conflicts with the Short-Term Rental Statute, the City's position is preempted. The superior court erred by dismissing Oak Creek's complaint.

## II. Summary judgment

**¶23** Oak Creek asks us to direct the superior court to enter summary judgment in its favor because the issues in this case are purely legal.

**¶24** "An order denying summary judgment is generally not appealable . . . [but] we may review the order if the denial was based on purely legal grounds. We review *de novo* whether a pure question of law precluded the denial of summary judgment." *BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 590, ¶ 8 (App. 2021) (cleaned up). If appropriate, we may direct the superior court to enter summary judgment. *Ryan v. Napier*, 245 Ariz. 54, 62, ¶ 32 (2018). Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "[C]ourts have no discretion to grant summary judgment if the standard is not met." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 n.11 (1990).

**¶25** Oak Creek is correct that whether the Short-Term Rental Statute preempts the City's policy is a purely legal issue. We thus will review the court's denial of summary judgment. Because we have concluded that the Short-Term Rental Statute preempts the City's policy, we vacate the denial of summary judgment. But given the undisputed facts, Oak Creek is only entitled to partial summary judgment on remand.

**¶26** Oak Creek's complaint requested the following relief:

> [A]n order enjoining the City from enforcing the Prohibition and requiring the City to permit [Oak Creek] to use its Property for short-term rentals; [and] . . .

> [A] declaration that [Oak Creek] may lawfully use the Property for short-term rentals, and that the Prohibition is unlawful because it is pre-empted by [Section] 9-500.39.

**¶27** Oak Creek is entitled to summary judgment on its claim that the City's position—that mobile homes in mobile home parks cannot be used as short-term rentals—is unlawful. We therefore direct the superior court to issue:

> A declaration that Section 9-500.39 preempts the City from prohibiting or restricting the use of mobile homes in mobile home parks as short-term rentals except as provided in that section.

A declaration that the City may not prohibit Oak Creek from using its property for short-term rentals on the basis that it contains mobile homes in a mobile home park.

An order enjoining the City from prohibiting Oak Creek from using its property for short-term rentals on the basis that it contains mobile homes in a mobile home park.

**¶28**      It is undisputed that Oak Creek did not apply for a short-term rental license as required by Sedona City Code 5.25.030. The Short-Term Rental Statute expressly authorizes the City to require Oak Creek to apply for a permit or license. *See* A.R.S. § 9-500.39(B)(5). Courts lack the authority to issue an order circumventing a city's express statutory authority. Oak Creek is thus not entitled to its remaining requests for relief at this time.

**ATTORNEY FEES**

**¶29**      Oak Creek requests fees and costs under Section 12-341 and the private attorney general doctrine.

**¶30**      The private attorney general doctrine "is an equitable rule which permits courts in their discretion to award attorney's fees to a party who has vindicated a right that: 1) benefits a large number of people; 2) requires private enforcement; and 3) is of societal importance." *Dobson v. State*, 233 Ariz. 119, 124, ¶ 18 (2013). The City does not dispute that a fee award would be appropriate if Oak Creek prevails.

**¶31**      Oak Creek has succeeded in showing that the City's interpretation of the Short-Term Rental Statute violates the statute's plain language. A fee award is therefore appropriate. *See id.* at ¶ 19. We award Oak Creek its reasonable attorney fees incurred on appeal upon its compliance with ARCAP 21.

**CONCLUSION**

**¶32**     We reverse the superior court's order dismissing Oak Creek's complaint and remand for proceedings consistent with this opinion.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR